IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOHAMED E. BOUDHHIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 06-CV- 630-GKF-FHM |
| BRANDON J. LAMB, MARK D. ELLIOT, ) | |
| FRED VAN EMAN, TRINITY MORTGAGE ) | |
| SERVICES, BANK ONE SECURITIES ) | |
| CORPORATION, CHASE INVESTMENT ) | |
| SERVICES CORP., and JP MORGAN ) | |
| CHASE BANK, N.A. ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the court on the First Motion to Dismiss of defendants Trinity Mortgage Services and Fred Van Eman (Doc. No. 77). For the reasons set forth below, the motion is granted with respect to plaintiff's claim for violation of the Oklahoma Consumer Protection Act and denied with respect to the remaining claims of the Amended Complaint.

This action arises from investments by plaintiff, Mohamed E. Boudhhir, in Trinity Mortgage Services Corporation ("Trinity") and Sheridan Enterprises LTD ("Sheridan"). Plaintiff, in his Amended Complaint (Doc. No. 76), alleges that an employee of JP Morgan NA, referred him to Brandon J. Lamb, a stock broker. Plaintiff opened a brokerage account with Lamb and Bank One Securities Corporation, which is now Chase Investment Services Corp. Plaintiff alleges that, acting on Lamb's advice and recommendation, he invested in Trinity and Sheridan. He also alleges Lamb and principals of Trinity and Sheridan, Mark D. Elliot and Fred Van Eman, made representations to him about the soundness, safety and profitability of the investment. He claims that Trinity and Sheridan were not financially sound and except for one

payment of $3,000 which was alleged to represent a return on investment in Trinity, his entire investment has been lost. He asserts claims of breach of fiduciary duty against Lamb, JP Morgan NA, and Banc One/Chase; common law negligence against Lamb and Bank One/Chase; common law negligence against JP Morgan NA/Banc One; and common law fraud and deceit, constructive fraud and violation of the Oklahoma Consumer Protection Act against all defendants.

Trinity and Van Eman have moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff's claims of fraud, constructive fraud and violation of the Oklahoma Consumer Protection Act. Plaintiff concedes in his response to defendants' motion (Doc. No. 81), that the claim for violation of the Oklahoma Consumer Protection Act should be dismissed.

## Standard of Review

In *Bell Atlantic Corp. v. Twombly*, the court ruled that to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."___ U.S. ___,___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit Court of Appeals, applying *Twombly,* has held that the standard is whether, accepting the allegations as true, they establish that the plaintiff plausibly, and not just

speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248.

Rule 9(b) of the Federal Rules of Civil Procedure provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The purpose of Rule 9(b) is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based. *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1237 (10th Cir. 2000). Under Rule 9(b), a complaint alleging fraud must "set forth the time, place and contents of the false representation, and the identity of the party making the false statements and the consequences thereof." *Id.*

### Allegations of the Amended Complaint

Plaintiff alleges that he maintained a checking account with JP Morgan NA and that in April, 2005, an employee of JP Morgan referred him to Lamb to discuss investing the money in plaintiff's checking account. [Doc. No. 76, ¶12]. Plaintiff opened a brokerage account with Lamb and Banc One, which is now Chase. [*Id.* ¶13]. The brokerage account was transferred by Banc One to Chase. [*Id.*]. At all times material, Lamb acted as an employed, registered representative of Banc One/Chase and on behalf and within the scope of his agency for JP Morgan NA in providing investment advice to plaintiff. [*Id.* ¶14].

Plaintiff alleges Lamb recommended and made unsuitable, reckless and material statements to him about investing in Trinity and Sheridan. [*Id.* ¶15.] Lamb advised plaintiff that

his investment with Trinity would result in greater and quicker returns than investments available through Banc One/Chase and that he would realize better than a 10% return in less than ten days. [*Id.*]. Elliot and Van Eman were owners, principals, agents, employees and/or representatives of Trinity. [*Id.* ¶17]. Lamb advised plaintiff that Lamb was personally acquainted with Elliot and Van Eman, that they were good businessmen and her honest and trustworthy and that his investment would be safe. [*Id.* ¶15] Lamb gave this investment advice to plaintiff without having any actual basis for doing so. [*Id.*]. Lamb, Elliot and Van Eman "continued to misrepresent the value and financial condition of Trinity and Sheridan without appropriate disclosure" to plaintiff. [*Id.* ¶16]. Plaintiff attended meetings with Lamb, Elliot and Van Eman on a number of occasions during which all three defendants continued to represent the soundness, safety and profitability of an investment with Trinity. [*Id.* ¶18]. On or about June 24, 2005, plaintiff invested $100,500 in Trinity Investment Fund, "reasonably relying on the advice." [*Id.* ¶19]. Plaintiff received $3,000, which was represented as a return on his investment in Trinity. [*Id.*]. Plaintiff believes this amount did not actually represent a return on his investment, but rather a payment for Elliot and/or Van Eman to attempt to prevent further inquiry and/or to encourage further investments by plaintiff with other entities recommended by Lamb, Elliot and/or Van Eman. [*Id.*]

Subsequent to his investment in Trinity, Lamb, Elliot and Van Eman recommended an additional investment in Sheridan, and advised such investment was also very safe and profitable. [*Id.* ¶20]. Relying on the advice, statements and misrepresentations of Lamb, Elliott and Van Eman, plaintiff invested $150,000 in Sheridan. [*Id.* ¶21].

Contrary to the advice, statements and representations of Lamb, Elliot and Van Eman, the

investments were not safe, sound, prudent or profitable, and with exception of the "single ponzi-like payment" of $3,000, plaintiff has lost the entire value of the investments. [*Id.* ¶22]. Plaintiff would not have invested in Trinity Income Fund or Sheridan but for the investment advice statements and representations of Lamb, Elliot and Van Eman. [*Id.* ¶24]. Lamb, Elliot and Van Eman, who aided and abetted one another, were material participants in the scheme to defraud plaintiff and all of them profited directly from and/or were paid for the scheme. [*Id.* ¶26.] Lamb has admitted to the Financial Industry Regulatory Authority that he received an undocumented, cash payment from Elliot in consideration for referring plaintiff. [*Id.* ¶28]. Van Eman has admitted he has involved in the referral of plaintiff and received a referral fee from "Gray Blank/Carlisle Investment Group, Ltd/Sheridan Enterprises." [*Id.* ¶29]

      Plaintiff alleges that Lamb as Banc One/Chase's employee and JP Morgan NA's agent, Elliot and Van Eman conspired to make and knowingly made false material misrepresentations, either by positive assertions, material omissions of fact or reckless disregard of the truth, with the intention than plaintiff would act upon those misrepresentations and that plaintiff reasonably relied on these misrepresentations to his detriment. [*Id.* ¶42] Plaintiff further alleges the Lam, as Banc One/Chase's employee and JP Morgan NA's agent, Elliot and Van Eman had both an equitable and a legal duty to dully disclose to accurately inform him of the facts on which the investment payments are based, but instead concealed them. [*Id.* ¶45]. Defendants failed to fully disclose or inform plaintiff about the facts and circumstances of the investment transactions and irrespective of whether they intentionally, negligently or innocently mislead plaintiff, they gained an advantage over him by misleading him. [*Id.*]

**Analysis**

The allegations of the Amended Complaint establish that the misrepresentations took place in a time period starting in April 2005 and leading up to June 24, 2005, when plaintiff invested in the Trinity Fund, and subsequently in Sheridan. Plaintiff has alleged the misrepresentations took place at various locations in Tulsa. The content of the misrepresentations and identity of the parties making false representations were: 1) Lamb told plaintiff his investment with Trinity would result in greater and quicker returns than investments available through Banc One/Chase and that plaintiff would realize better than a 10% return in less than 10 days, that he was personally acquainted with Elliot and Van Eman, that they were good businessmen who were honest and trustworthy and that his investment would be safe; 2) Lamb, Elliot and Van Eman misrepresented the value and financial condition of Trinity and Sheridan; 3) Elliot and/or Van Eman made a payment of $3,000 to plaintiff in an effort to prevent him from inquiring into the investment and/or to encourage further investments by plaintiff with other entities recommended by Lamb, Elliot and Van Eman; and 4) Lamb, Elliot and Van Eman recommended the investment with Sheridan and represented to plaintiff such investment would be safe and profitable.

The court finds that the allegations of the Amended Complaint give defendants fair notice of plaintiff's claims and the factual ground upon which they were based. *Koch,* 203 F.3d at 1237. The Amended Complaint sufficiently sets forth the time, place, contents of the alleged false misrepresentations and identities of the parties alleged to have made the misrepresentations, as required by *Koch. Id.* With the exception of the claim for violation of the Oklahoma Consumer Protection Act, which plaintiff has conceded should be dismissed, plaintiff's claims related to fraud meet the pleading requirements of Rule 9(b).

**Conclusion**

Defendant's Motion to Dismiss (Doc. No. 77) is GRANTED with respect to plaintiff's claim for violation of the Oklahoma Consumer Protection Act and DENIED with respect to plaintiff's claims of fraud and constructive fraud.

IT IS SO ORDERED this 5th day of December, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma